NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY P. RUGGIERO II,

        Plaintiff - Appellant,

v.

SNOHOMISH COUNTY PUBLIC
TRANSPORTATION BENEFIT AREA
CORPORATION,

        Defendant - Appellee.

No. 25-5978

D.C. No.
2:23-cv-01125-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Anthony Ruggiero appeals the dismissal of his employment discrimination

action under the Americans with Disabilities Act ("ADA") against the Snohomish

County Public Transportation Benefit Area Corporation, doing business as

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Community Transit. The parties are familiar with the facts, and we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether a default judgment was void due to a lack of personal jurisdiction because of insufficient service of process while reviewing for clear error the district court's jurisdiction-related factual findings. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). We also review de novo the grant of a motion to dismiss under Rule 12(b)(6). *Panelli v. Target Corp.*, 172 F.4th 1120, 1124 (9th Cir. 2026).

The district court did not err in vacating the default judgment previously entered against Community Transit. A signed return of service constitutes prima facie evidence of valid service only "where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment." *Internet Sols.*, 509 F.3d at 1165. In *Internet Solutions*, we enforced the presumption because the defendant admitted that he knew the suit against him had been filed. *Id.* at 1166. Here, by contrast, there is no evidence that Community Transit knew it had been sued before the default judgment was entered. Moreover, Community Transit presented conclusive evidence that the process server's declaration that she had specifically served Community Transit's "CEO" or his "office assistant" was untrue. The proof of service declares that the CEO or office assistant, who "appeared to be a blonde-haired white female contact

[sic] 35–45 years of age, 5'6"–5'8" tall and weighing 140–60 lbs," was served at 5:20 PM on August 12, 2023.  But the district court's factual findings regarding the CEO's and his assistant's genders, appearances, and schedules—based upon sworn declarations—make clear that neither was served.  Nor did Ruggiero establish that any other authorized individual was validly served:  It is unclear if Rachel Woods was given the summons based on the service processor's description of the served party, and, even if Woods was served, no evidence establishes that her position within Community Transit in August 2023 fits within the valid service parameters set by RCW 4.28.080(9) (2023).  The district court's decision to vacate the default judgment correctly held Ruggiero to his burden to prove sufficient service and aligns with "our general policy that, doubt, if any, should be resolved in favor of the motion to set aside the default judgment" so that the case can be decided on its merits.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016) (citation modified).

Ruggiero's complaint fails to state a claim for discrimination under the ADA.  The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).  The complaint asserts that Ruggiero has a disability because he "never received a vaccination for COVID-19" and at one point "tested positive for having contracted COVID-19."  But the complaint does not "plead facts plausibly

establishing that [Ruggiero] had '[1] a physical or mental impairment [2] that substantially limits [3] one or more major life activities.'" *See Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1225 (9th Cir. 2022) (quoting 42 U.S.C. § 12102(1)(A)).  Neither lack of vaccination nor contracting COVID-19 qualifies per se as a disability under the ADA.  Ruggiero's complaint thus fails to state a claim and was correctly dismissed.

**AFFIRMED.**